ORIGINAL

FILED

FEB 6 - 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                      Deputy Clerk

ENTERED

FEB - 6 2012

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:                      Deputy Clerk

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

### LOS ANGELES DIVISION

| | |
|---|---|
| In re:<br><br>Suzannne Marie Takowsky,<br><br><br><br>Debtor.<br><br>———————————————<br><br>Suzanne Takowsky,<br><br>Plaintiff,<br><br>  v.<br><br>Del Toro Loan Servicing, Inc., a California corporation; Alan I. Sherman and Rachel Sherman, Trustees of the Alan I. Sherman and Rachel Sherman Trust dated 11/22/1994; Arden Management, LLC, a limited liability company; and Borkes Capital Management, LLC, a limited liability company,<br><br>Defendants. | CHAPTER 13<br><br>Case No.: 2:08-bk-14149-NB<br>Adv No: 2:11-ap-02468-NB<br><br>**TENTATIVE RULING RE DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO EXPUNGE LIS PENDENS**<br><br>Date:     February 7, 2012<br>Time:     2:00 p.m.<br>Courtroom:  1545 |

//

1        An initial hearing was held on January 10, 2012, at or about 1:00 p.m., on (1) the

2   Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted (Dkt

3   24) filed by Defendants Arden Management, LLC and Borkes Capital Management, LLC

4   ("Arden & Borkes"), (2) the Motion to Dismiss the First Amended Complaint Filed by

5   Plaintiff, Suzanne Takowsky, Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Dkt

6   26) filed by Defendants Del Toro Loan Servicing, Inc. ("Del Toro") and Alan I. Sherman

7   and Rachel Sherman, Trustees of the Alan I. Sherman Trust dated 11/22/1984

8   ("Sherman" or, with the other defendants, "Defendants"), and (3) the Motion to Expunge

9   Lis Pendens and for Award of Attorney's Fees and Costs (Dkt 25). At the conclusion of

10   the initial hearing, I continued the hearings on Defendants' motions to dismiss to

11   February 7, 2012 at 2:00 p.m. so that the parties could file supplemental briefs on

12   jurisdiction and related issues. For the reasons set forth below and in the prior tentative

13   ruling (**Exhibit A** hereto), my tentative ruling for the February 7, 2012 hearing is as

14   follows:

15        (A) Jurisdiction:  overrule Defendants' jurisdictional objections, on the basis that

16   there is "related to" jurisdiction under 28 U.S.C. § 1334;

17        (B) Withdrawal of the reference:  deny Defendants' requests to have matter

18   heard by the District Court because any motion to withdraw the reference is properly

19   addressed to that court (by means of a motion filed in the Bankruptcy Court) and unless

20   and until the reference is withdrawn I have both the authority and the duty to issue a

21   report and recommendation to the District Court in this non-core matter pursuant to 28

22   U.S.C. § 157(c)(1);

23        (C) Abstention:  deny Defendants' abstention request for reasons set forth below;

24        (D) Merits re motions to dismiss:  grant the motions to dismiss as to all but two of

25   Plaintiff's claims – dismiss with prejudice her claims for wrongful foreclosure,

26   cancellation of instrument, breach of duty of deed of trust, and breach of covenant of

27   good faith and fair dealing – but (1) deny the motions to dismiss as to Plaintiff's claim for

28   fraud and deceit; (2) deny those motions as to Plaintiff's claim to quiet title, to the extent

1    that potential remedies for the fraud and deceit claim might include not only damages

2    but also remedies affecting title to the property at issue; and (3) deny the requests for

3    awards of attorneys' fees in connection with such motions; and

4         (E) Merits re motion to expunge lis pendens: deny the motion to expunge the *lis*

5    *pendens*, in view of the possible effect on title from Plaintiff's claim for fraud and deceit.

6         Appearances are required at the hearing on February 7, 2012.

7    I.    **DISCUSSION**

8         During the hearing conducted on January 10, 2012, I invited the parties to file

9    supplemental briefs regarding which court should hear this matter, which was raised in

10   the reply brief of Defendants Arden & Borkes filed on December 14, 2011 (Dkt 38) and

11   was joined in by the other Defendants at that hearing.  On January 27, 2012, Plaintiff

12   filed her Brief Re Authority of Bankruptcy Court to Enter a Final Judgment in This

13   Adversary Proceeding (Dkt 44).  On February 3, 2012, Defendants Del Toro and

14   Sherman filed their Brief Re: Authority of the Bankruptcy Court to Enter a Final

15   Judgment (Dkt 45).

16        The following discussion is generally applicable to both of the pending motions to

17   dismiss and the continued status conference in this adversary proceeding.

18        **(A) Jurisdiction.**

19        In their reply (Dkt 38), Arden & Borkes argue that the Court lacks subject matter

20   jurisdiction over the claims set forth in Plaintiff's first amended complaint.  They assert

21   that there is no "arising under" or "arising in" jurisdiction (28 U.S.C. § 1334), but they do

22   not reach the issue of "related to" jurisdiction (*id.*) except for an oblique reference made

23   in their discussion of supplemental jurisdiction.  The Reply filed by Del Toro and

24   Sherman (Dkt 45) does address the issue of "related to" jurisdiction and argues that

25   such jurisdiction is lacking because:

26                  Plaintiff's Chapter 13 Plan has already been confirmed and
               she is paying her unsecured creditors 100% through the

27                  Plan.  Therefore, should Plaintiff prevail in this action, her
               unsecured creditors will not receive any additional benefit.

28                  [Brief (Dkt 45) at 6:2-4.]

I agree that Plaintiff's claims do not "arise under" title 11 or "arise in" a case under title 11 as those terms are used in 28 U.S.C. § 1334. But Plaintiff's claims are "related to" this bankruptcy case, so there is jurisdiction under 28 U.S.C. § 1334(b). *See In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (a proceeding is "related to" a bankruptcy case if "*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*") (citing *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original).

The outcome of the instant adversary proceeding has a "conceivable effect" on the bankruptcy estate because (a) although creditors may not receive any "additional benefit" (in Defendants' phrase) if Plaintiff prevails, creditors would receive little or nothing if Plaintiff does not prevail (*see* Amended Chapter 13 Plan, Dkt 32, relying on future refinance to pay creditors, and thus relying on an outcome favorable to Plaintiff in this adversary proceeding) and (b) alternatively, Plaintiff asserts an exemption in her principal residence and intends to retain that residence (which also depends upon an outcome favorable to Plaintiff in this adversary proceeding). For either of these alternative reasons, the claims in this adversary proceeding are "related to" this bankruptcy case.

**(B)    Whether the District Court or the Bankruptcy Court should hear this matter in the first instance.**

Bankruptcy Courts constitute a unit of the District Court. 28 U.S.C. § 151. The District Courts may refer any or all cases and proceedings described in 28 U.S.C. § 1334(a) and (b) to the Bankruptcy Court. 28 U.S.C. § 157(a). The District Court for the Central District of California has done so in LBR 5011-1.

Bankruptcy Courts have authority to issue final judgments in "core" matters pursuant to 28 U.S.C. § 157(b)(1). *Stern v. Marshall*, 131 S.Ct. 2594 (2011). A Bankruptcy Court also may hear non-core proceedings that are otherwise related to a bankruptcy case. 28 U.S.C. § 157(c)(1). *Id.* In such non-core, related-to proceedings, "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to

1  the district court, and any final order or judgment shall be entered by the district judge

2  after considering the bankruptcy judge's proposed findings and conclusions and after

3  reviewing de novo those matters to which any party has timely and specifically

4  objected." *Id.*

5      Plaintiff in her first amended complaint alleges that this adversary proceeding

6  constitutes a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(B), 157(b)(2)(K), and

7  157(b)(2)(O). I disagree. Admittedly, there is some uncertainty about what is core and

8  what is non-core after *Stern v. Marshall*, but the claims at issue are clearly non-core.

9  The Ninth Circuit has warned against overly expansive interpretations of 28 U.S.C.

10  § 157(b)(2). *In re Castlerock Properties*, 781 F.2d 159, 162 (9th Cir. 1986). Plaintiff's

11  claims are purely state law claims that are no more "core" than the claims at issue in

12  *Stern v. Marshall*. In short, I am satisfied that this adversary proceeding is a related-to,

13  non-core matter. Thus, pursuant to 28 U.S.C. § 157(c)(1) I do not have authority to

14  issue a final judgment but I can submit proposed findings of fact and conclusions of law

15  to the District Court.

16      I recognize that there is a possible inefficiency in this process. If I hold a trial in

17  this adversary proceeding and the District Court on *de novo* review requires a complete

18  retrial, then my decision to try this matter could result in duplicative proceedings which

19  could be a waste of judicial resources, the parties' time, and funds. But nothing requires

20  such a result. As pointed out in *In re Heller Ehrman, LLP*, 2011 WL 4542512 at *3 n. 11

21  (Bankr. N.D. Cal. Sept. 28, 2011), the District Court is not bound by any requirement to

22  conduct a full retrial on *de novo* review. Rather, the District Court has discretion, and

23  the parties have all the benefits of *de novo* review while only having to bear so much of

24  the costs as the District Court in its discretion believes may be warranted, because the

25  District Court can decide what manner of *de novo* review is most appropriate:

26          De novo review therefore does not necessarily require a new
            trial; rather, the district court has broad discretion in the
27          manner in which it conducts its de novo review. The notion
            that the district judge will have to reinvent the wheel and
28          start all over is simply not so. De novo review might be

1
2

nothing more than reviewing the findings and agreeing with them.  And review of conclusions of law de novo is exactly the same as the rule of appellate practice. [*Id.*]

3

4

**(C) <u>Abstention</u>.**

5

During the January 10, 2012 hearing, counsel for Defendants Arden and Borkes

6

argued that this matter is properly addressed by the state courts and that as a matter of

7

comity this Bankruptcy Court should abstain from deciding this adversary proceeding.

8

The Ninth Circuit has identified several factors for the Court to consider in deciding

9

whether to abstain under 28 U.S.C. § 1334(c)(1):

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

> 1. the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention;
> 2. the extent to which state law issues predominate over bankruptcy issues;
> 3. the difficulty or unsettled nature of the applicable law;
> 4. the presence of a related proceeding commenced in state court or other nonbankruptcy court;
> 5. the jurisdictional basis, if any, other than 28 U.S.C. § 1334;
> 6. the degree of relatedness or remoteness of the proceeding to the main bankruptcy case;
> 7. the substance rather than form of an asserted "core" proceeding;
> 8. the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court;
> 9. the burden of [the bankruptcy court's] docket;
> 10. the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties;
> 11. the existence of a right to a jury trial; and
> 12. the presence in the proceeding of nondebtor parties. [*In re Tucson Estates, Inc.*, 912 F.2d 1162 (9th Cir. 1990) (citation omitted)].

25

I have considered each of the *Tucson Estates* factors, and exercising my

26

discretion, I conclude that I should not abstain from adjudicating this adversary

27

proceeding.

28

Admittedly, there are factors present which weigh in favor of abstention: most

1  prominently, determination of the issues involves only state law, there are nondebtor

2  parties, and the parties could assert that they have a right to a jury trial (an issue on

3  which I express no opinion for present purposes).  Nevertheless, for several reasons I

4  do not believe that abstention is appropriate in this instance.

5       First, efficiency:  it appears that the matter can be resolved more efficiently if this

6  action continues in the Bankruptcy Court, rather than requiring a new action to be

7  commenced in state court.  I am already familiar with the issues and have already

8  analyzed the merits of the various claims.

9       Second, possible forum shopping:  the jurisdictional matters and related issues

10  were not raised until the Reply papers, after I had reviewed the merits, and some of

11  those issues were not raised until after I had issued a tentative ruling.  This suggests

12  that I should retain the matter to preclude possible forum shopping.

13       Third, the degree of relatedness to the main bankruptcy case:  this adversary

14  proceeding is central to the success or failure of the Chapter 13 Plan.  In addition, if I do

15  not abstain then I can adjust the calendar of both the adversary proceeding and the

16  Chapter 13 matters according to the needs of each.

17       On balance, I conclude that the *Tucson Estates* factors weigh in favor of retaining

18  the adversary proceeding in Bankruptcy Court, and not abstaining.

19       **(D) Merits, as to the motions to dismiss.**

20       At oral argument on January 10, 2012, the parties focused on a document

21  entitled "Loan Reinstatement Calculation" (Dkt 21, Ex. 3) and argued whether it

22  constitutes a "beneficiary statement" under Cal. Civ. Code § 2943.  According to

23  Plaintiff's opposition (Dkt 41), the Loan Reinstatement Calculation was delivered

24  pursuant to a request made in an email from Plaintiff to Del Toro.  But Plaintiff has not

25  provided a copy of such email.  Thus, I do not know what request was made to Del Toro

26  and if there was an explicit request for a beneficiary statement.

27       Assuming for the sake of argument that Plaintiff requested a beneficiary

28  statement, and that in response Del Toro and/or other Defendants were required to

1   provide every item that is required by statute to be included in a "beneficiary statement,"

2   nothing in Cal. Civ. Code § 2943 on its face requires that a beneficiary statement

3   include either a warning that accrued and unpaid prior liens are in default, or the amount

4   of such claims.  See Cal. Civ. Code § 2943 (definition of "beneficiary statement").

5   Conversely, nothing in the statute on its face excuses Del Toro and/or the other

6   Defendants from providing that information, if such information was otherwise required

7   by law or contract.  In other words, the statute appears to be irrelevant to Plaintiff's

8   claims.

9        Nevertheless, for the reasons stated in the Court's January 10, 2012 tentative

10  ruling (**Exhibit A** hereto, incorporated by reference), Defendants' motions to dismiss are

11  well taken as to all claims in Plaintiff's first amended complaint except the claim for

12  fraud and deceit.  Those claims will be dismissed by separate order.  In addition,

13  Plaintiff has not suggested any possible amendment to those claims that would

14  overcome the concerns expressed in that tentative ruling, and therefore the dismissal of

15  those claims will be without leave to amend.

16       As to the fraud and deceit claim, there appear to be unresolved factual issues

17  including what was communicated by both sides, whether there was justifiable reliance

18  by Plaintiff on any alleged statements or omissions, and whether Plaintiff can satisfy the

19  other elements of her claim.  For the foregoing reasons, Defendants' motion to dismiss

20  will be denied by separate order as to Plaintiff's claim for fraud and deceit.

21       In view of the foregoing disposition it does not appear appropriate at this time to

22  award attorneys' fees in favor of or against any of the parties.  Accordingly those

23  requests will be denied without prejudice to any party seeking attorneys' fees at an

24  appropriate time in future.

25       **E.    Merits, as to the motion to expunge *lis pendens*.**

26       In view of the foregoing the motion to expunge the *lis pendens* will be denied.

27  Plaintiff's claim for fraud and deceit might give rise to remedies that would affect title to

28  the property at issue.  The parties have not briefed that issue, and unless and until that

1  issue is decided against Plaintiff it appears to be premature to expunge the *lis pendens*.

2  **II.    CONCLUSION**

3      The parties are invited to address the foregoing tentative ruling at the hearing on

4  February 7, 2012.  They also should be prepared to address a discovery schedule,

5  possible trial dates, whether this matter should be mediated, and any other relevant

6  procedural issues.

7  ###

8

9

10  Date:  2/6/2012

Neil W. Bason
U.S. Bankruptcy Judge

## Exhibit A

Grant the motion to dismiss except as to the claim for fraud, as further described below. <u>Appearances are required</u>. If you do not appear, and the matter is not resolved by consent, then the court may rule against you.

The following discussion is generally applicable to each of the pending motions and the status conference.

The gravamen of the first amended complaint ("FAC") is that plaintiff Suzanne Marie Takowsky (individually, or with her husband Pedro Ferre as the context suggests, "Plaintiff") (a) was led to believe that she would not lose her home in foreclosure if she paid the $14,158.20 dollar amount set forth in the July 1, 2011 Beneficiary Statement issued pursuant to California Civil Code § 2943, and (b) did in fact pay that amount, but (c) the foreclosure and sale of her home nevertheless proceeded. Plaintiff alleges that Defendants, by and through their alleged agent or representative Carrie Dickman ("Dickman"), repeatedly told Plaintiff that the full payment of past due amounts under the promissory note at issue (the "Note") would be accepted and upon such payment the Note and associated Deed of Trust ("DOT") would be reinstated, but that Dickman's statement was false, and known by her to be false, in that Defendants asserted and continue to assert that (1) failure to bring current a senior consensual lien (the "Wachovia Lien") and property taxes (the "Property Taxes") (collectively, the "Senior Debts") were events of default and (2) the Note and DOT would not be reinstated unless and until such Senior Debts were brought current. In addition, Plaintiff argues that reliance on Dickman's alleged statements was reasonable because Plaintiff previously had received a beneficiary statement that did not inform Plaintiff that payment of the Senior Debts was required for reinstatement. *See, e.g.,* FAC para's 15 & 47-48.

The legal standards and presumptions applicable in the context of a motion to dismiss are well known and in the interests of brevity the Court will not repeat them in this tentative ruling.

(1) <u>First Claim (Wrongful Foreclosure against all Defendants)</u>.

Regarding the rule of California law that a valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust, Plaintiff argues that (1) a sufficient tender was made when she allegedly reinstated the note, (2) a tender is not necessary where the foreclosure sale is void, and (3) even if tender is required, the treatment of the claims at issue under the confirmed chapter 13 plan is a sufficient tender. With respect to first and third arguments, Plaintiff cites no persuasive authority that would make the tender rule inapplicable under these circumstances. Regarding the second argument, Plaintiff cites no authority that the foreclosure sale is void *ab initio*, as opposed to possible other remedies such as subsequent avoidability or damages, and the applicable cases appear to require voidness *ab initio*.

Regarding Plaintiff's assertion that the foreclosure was wrongful due to allegedly misleading omissions in the Beneficiary Statement, Judge Bason is persuaded by Defendants' arguments that the Beneficiary Statement is a document the form of which is largely dictated by California law and the omission of statements reiterating the terms of the DOT and the statements in the NOD is insufficient to support a claim for wrongful foreclosure absent fraud (discussed below).

Plaintiff's first claim includes in paragraphs 26 and 27 of the FAC an alternative request for $500,000 in alleged economic damages and $500,000 in alleged injuries including emotional distress.  Those claims appear to be grounded in claims of fraud or other theories discussed below, rather than any independent viable claim of wrongful foreclosure.  Accordingly, the request for damages is discussed below.

Plaintiff has not suggested any amendment to the FAC that would cure the foregoing issues.  Unless Plaintiff can suggest such amendment, this claim should be dismissed without leave to amend.

(2) Second Claim (Cancellation of Instrument against all Defendants).

Judge Bason is persuaded by Defendants' arguments regarding the lack of tender. Plaintiff has not suggested any amendment to the FAC that would cure this issue. Unless Plaintiff can suggest such amendment, this claim should be dismissed without leave to amend.

(3) Third Claim (Quiet Title against all Defendants).

Judge Bason is tentatively persuaded that title cannot be quieted without paying the amounts required to cure not only the Note but also the Senior Debts.  Plaintiff has not suggested any amendment to the FAC that would cure this issue.  Unless Plaintiff can suggest such amendment, this claim should be dismissed without leave to amend.

(4) Fourth Claim (Breach of Duty Under Deed of Trust against Defendants Del Toro and Sherman).

Judge Bason is tentatively persuaded that Del Toro had no statutory or contractual or other duty to stop the foreclosure sale, separate and apart from any claim based on fraud.  Plaintiff has not asserted that the alleged oral misrepresentations served to amend the DOT or other written agreements, and as Defendants point out California Civil Code 1698 and the statute of frauds preclude any oral amendment of those writings.  That does not necessarily preclude a claim of fraud, but that is addressed separately below.

Plaintiff has not suggested any amendment to the FAC that would cure the above issues.  Unless Plaintiff can suggest such amendment, this claim should be dismissed without leave to amend.

(5) <u>Fifth Claim (Fraud and Deceit against Del Toro and Sherman)</u>.

Judge Bason's tentative ruling is that a trial is required to address at least the following disputed factual issues regarding justifiable reliance and actual or apparent authority: (a) whether Plaintiff knew or should have known, regardless what Dickman did or did not say, that the unpaid Senior Debts by their nature were prejudicial to Defendants' interests and would have to be brought current, or alternatively (b) whether Plaintiff knew or should have known those things because less than four months before receiving the Beneficiary Statement Plaintiff received a Notice of Default that explicitly notifies Plaintiff of the requirement to pay obligations such as the Senior Debts (Req. for Jud. Notice Ex.A), or (c) whether Plaintiff justifiably relied on Dickman's alleged statements and omissions in light of typical practices among lenders and borrowers regarding postponements of foreclosure sales and attempted workouts, and (d) whether Dickman had actual or apparent authority to engage in discussion of such matters. Accordingly, Judge Bason is not persuaded that Plaintiff's claim for fraud must be dismissed.

(6) <u>Sixth Claim (Breach of Covenant of Good Faith and Fair Dealing against Defendants Del Toro and Sherman)</u>.

Judge Bason is persuaded that this claim depends on a contractual breach, and for the reasons set forth above the FAC does not sufficiently allege facts that would constitute a breach of contract in view of California Civil Code 1698 and the statute of frauds.

Plaintiff has not suggested any amendment to the FAC that would cure this issue. Unless Plaintiff can suggest such amendment, this claim should be dismissed without leave to amend.

The parties should be prepared to discuss not only the foregoing issues but also discovery, trial scheduling, and other pretrial matters and case management issues.

Pursuant to LBR 9021-1(b)(1)(B), movant must serve and lodge a proposed order via LOU within 7 days of the hearing.

Judge Bason presumes that one or more parties will wish to dispute the above tentative ruling, so it is not necessary to follow Judge Bason's Procedures regarding notice of intent to contest tentative rulings (posted at www.cacb.uscourts.gov, "Information," "Bason, N.," Forms/Instructions/Procedures/Self-Calendaring," "Procedures;" see the section labeled "Tentative rulings").

**NOTE TO USERS OF THIS FORM:**
1) Attach this form to the last page of a proposed Order or Judgment.  Do not file as a separate document.
2) The title of the judgment or order and all service information must be filled in by the party lodging the order.
3) **Category** I. below:  The United States trustee and case trustee (if any) will always be in this category.
4) **Category** II. below:  List ONLY addresses for debtor (and attorney), movant (or attorney) and person/entity (or attorney) who filed an opposition to the requested relief. DO NOT list an address if person/entity is listed in category I.

# NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*) _**TENTATIVE RULING RE DEFENDANTS' MOTIONS TO DISMISS FIRST AMENDED COMPLAINT AND MOTION TO EXPUNGE LIS PENDENS**_  was entered on the date indicated as "Entered" on the first page of this judgment or order and will be served in the manner indicated below:

**I.  SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s), the foregoing document was served on the following person(s) by the court via NEF and hyperlink to the judgment or order. As of **2/6/2012**, the following person(s) are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email address(es) indicated below.

Richard T. Baum: rickbaum@hotmail.com, rickbaum@hotmail.com
Coby R. Halavais: coby@halavaislaw.com
Amy E. Martinez: amy.martinez@geracilawfirm.com

☐  Service information continued on attached page

**II.  SERVED BY THE COURT VIA U.S. MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States Mail, first class, postage prepaid, to the following person(s) and/or entity(ies) at the address(es) indicated below:

☐  Service information continued on attached page

**III.  TO BE SERVED BY THE LODGING PARTY:** Within 72 hours after receipt of a copy of this judgment or order which bears an "Entered" stamp, the party lodging the judgment or order will serve a complete copy bearing an "Entered" stamp by U.S. Mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following person(s) and/or entity(ies) at the address(es), facsimile transmission number(s), and/or email address(es) indicated below:

☐  Service information continued on attached page

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*  **F 9021-1.1.NOTICE.ENTERED.ORDER**